UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:13-CV-710

SBAV LP                                                                                                       Plaintiff,

v.

PORTER BANCORP, INC.,
J. CHESTER PORTER, and
MARIA L. BOUVETTE                                                                                 Defendants.

# MEMORANDUM OPINION

This matter is before the Court upon the Joint Motion to Strike Plaintiff SBAV LP's Jury Demand of Defendants Porter Bancorp, Inc. ("Bancorp"), J. Chester Porter, and Maria L. Bouvette (collectively, "Defendants"), (Docket No. 93).[1] Plaintiff SBAV LP ("SBAV" or "the Company") has submitted no response in opposition to Defendants' Motion. This matter is now ripe for adjudication. For the reasons set forth below, Defendants' motion will be GRANTED.

**Factual Background**

This claim involves SBAV, a limited partnership; Bancorp, a publicly traded bank holding company; PBI Bank, Bancorp's wholly owned subsidiary; Porter, chairman of the board of Bancorp and PBI; and Bouvette, president and chief executive officer of both companies. During the summer of 2010, SBAV and Bancorp contemplated a potential investment relationship. On July 23, 2010, SBAV entered into a Letter Agreement with Bancorp, specifically incorporating the terms of a June 30, 2010 Securities Purchase Agreement ("SPA").

In this lawsuit, SBAV contends that Defendants failed to communicate accurately the financial conditions of Bancorp and PBI before the stock purchase. According to SBAV, Defendants'

---

[1] PBI Bank, Inc. ("PBI") was among the movants at the time of this Motion's filing; however, the Court's Order of March 26, 2014 dismissed PBI from the lawsuit. (*See* Docket Nos. 123, 124.)

1

misrepresentations ultimately caused SBAV to lose its entire $5 million investment. Its Amended Complaint alleges negligent misrepresentation, breach of contract, and violation of Kentucky securities laws in connection with Bancorp's 2010 raise of capital from SBAV.

The parties disagree as to whether SBAV is entitled to a jury trial upon these claims. The dispute hinges upon the language of Section 6.8 of the SPA, entitled "Governing Law." This section provides, in bold-faced and capital letters, that each party to the agreement "irrevocably waives, to the fullest extent permitted by applicable law, any and all right to trial by jury in any legal proceeding arising out of or relating to this agreement or the transactions contemplated hereby." (Docket No. 93-3 at 43.)

Based on this provision, Defendants move to strike SBAV's request for a jury trial as set forth in their Amended Complaint. According to the parties' Proposed Civil Case Management Plan and Scheduling Order, (Docket No. 82), SBAV does not contest that it waived the right to trial by jury for the breach of contract claims. However, SBAV argues that it is nonetheless entitled to a jury trial on the negligent misrepresentation and Blue Sky Act claims, notwithstanding the SPA provision quoted *supra*. (*See* Docket No. 82 at 2.) Defendants respond that no reasonable construction of the contract would allow for such a reading, which would contradict the unambiguous meaning of the SPA. (Docket No. 93-1 at 3.)

**Legal Standard**

"[T]he right to a jury trial in the federal courts is to be determined as a matter of federal law in diversity as well as other actions." *Simler v. Conner*, 372 U.S. 221, 222 (1963); *see also Chesterfield Exchange, LLC v. Sportsman's Warehouse, Inc.*, 528 F. Supp. 2d 710, 712 (E.D. Mich. 2007) (citing *K.M.C. Co. v. Irving Trust Co.*, 757 F.2d 752, 755 (6th Cir. 1985)). "Although the right to a jury trial is guaranteed by the Constitution, 'like other constitutional rights, [it] can be waived by the parties.'" *Sewell v. Jefferson Cnty. Fiscal Court*, 863 F.2d 461, 464 (6th Cir. 1988) (quoting 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2321 (1971)). "It is clear that the parties to a contract may by prior written agreement waive the right to jury trial." *K.M.C. Co.*, 757 F.2d at 755. For

the waiver to be valid, the waiving party must make it knowingly and voluntarily. *Id.* at 756. "When a contract contains an express jury waiver provision, the party objecting to that provision has the burden of demonstrating that its consent to the waiver was not knowing and voluntary." *Efficient Solutions, Inc. v. Meiners' Country Mart, Inc.*, 56 F. Supp. 2d. 982, 983 (W.D. Tenn 1999) (citing *K.M.C. Co.*, 757 F.2d at 758).

**Analysis**

The Court perceives no indication that SBAV's consent to the waiver was not knowing and voluntary. The SPA itself attests to SBAV's competency to make such a waiver. In Section 3.2(f), the Company confirmed that it had "such knowledge, sophistication, and experience in business and financial matters so as to be capable of evaluating the merits and risks of the prospective investment in the Securities, and has so evaluated the merits and risks of such investment." (Docket No. 93-3 at 25.) The next Section confirms that SBAV received access to information and enjoyed the opportunity to ask questions and obtain any additional material necessary to facilitate an informed investment decision. (Docket No. 93-3 at 25.) The Company further verified that it "independently evaluated the merits of its decision to purchase Securities pursuant to the Transaction Documents" and that it consulted the legal, tax, and investment advisors that it deemed appropriate. (Docket No. 93-3 at 26.) The Letter Agreement incorporates by reference the provisions of the SPA, including the terms discussed above. (Docket No. 93-2 at 2.) SBAV has neither argued nor demonstrated that its entering into the agreement and thereby waiving its right to a jury was anything less than knowing and voluntary.

Instead, SBAV contends that the language of the waiver simply does not encompass its negligent misrepresentation and Blue Sky Law claims. The waiver's plain language, however, belies this conclusion. The SPA reads, in relevant part:

> **EACH PARTY HERETO IRREVOCABLY WAIVES, TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW, ANY AND ALL RIGHT TO TRIAL BY JURY IN ANY LEGAL PROCEEDING ARISING OUT OF OR RELATING TO THIS AGREEMENT OR THE TRANSACTIONS CONTEMPLATED HEREBY.**

3

(Docket No. 93-3 at 43 (boldface and capital letters in original).)   On its face, this language applies broadly to claims arising from or related to either the SPA itself or SBAV's investment generally. Certainly, the alleged securities fraud and negligent misrepresentation arose from the investment; neither claim would exist had the parties not entered into the transaction at issue. Moreover, had the parties intended to include only breach of contract claims in the waiver, they could have used express language to that effect, tailoring the Agreement to accomplish this objective. Because they instead elected for a broader provision, a more comprehensive scope of construction is required. A narrower reading would ignore the extent of the waiver as agreed to by the parties and articulated in the contract, rendering much of its language surplusage. *See Union Inv. Co. v. Fidelity & Deposit Co. of Maryland*, 549 F.2d 1107, 1108 (6th Cir. 1977).

Precedent from district courts in this circuit confirms the Court's conclusion that a broad waiver of trial by jury applies to non-contractual claims. For example, the Western District of Tennessee held that where a defendant's tort claims arise out of and relate to the contract and the preceding negotiations, the jury waiver clause should be applied.

> [T]he defendant's counterclaim in this case is directly related to the formation and operation of the contract containing the jury waiver clause. The particular language used by the parties states: "Both parties waive the right to a trial by jury." Despite the broadness of the language, it is implicit that the waiver applies only to a dispute between the parties relating to the subject matter of the contract, or arising out of the contract. The counterclaim clearly relates to the contract, and also arises out of the contract in that, but for the obligations assumed by the defendant in the contract, the defendant would have no claim for . . . negligent misrepresentation.

*Efficient Solutions, Inc. v. Meiners' Country Mart, Inc.*, 56 F. Supp. 982, 983 (W.D. Tenn. 1999). *See also Integra Bank Nat'l Ass'n v. Rice*, 2011 WL 2437789 (W.D. Ky. June 14, 2011). Precedents of courts of sister circuits also echo this principle. *See, e.g.*, *Telum, Inc. v. E.F. Hutton Credit Corp.*, 859 F.2d 835, 837 (10th Cir. 1988) (enforcing a contractual jury waiver provision regarding plaintiff's claims that a contract was attained by fraud and negligent misrepresentation); *Okura & Co. (Am.) v. Careau Group*,

783 F. Supp. 482, 489-90 (C.D. Cal. 1991) (finding that jury waiver applied to all claims deriving from duties created by the contract).

Finally, the Court notes that the jury waiver applies not only to SBAV's claims against Bancorp, but also to claims involving the individual defendants. Because the claims against Porter and Bouvette were related to and arose from the SPA, they are consequently within the jury waiver. As other courts have reasoned, "[i]f we did not allow nonsignatory agents of a signatory corporation to invoke a valid contractual jury waiver provision, such an agreement would be of little practical value, as it would be too easy to circumvent the agreements by naming individuals as defendants instead of the entity." *Price v. Cushman & Wakefield, Inc.*, 808 F. Supp. 2d 670, 707 (S.D.N.Y. 2011) (citing *Tracienda Corp. v. DaimlerChrysler AG*, 502 F.3d 212, 225 (3d Cir. 2007)). Similar reasoning applies here, causing the jury waiver to encompass all claims against all remaining defendants.

## CONCLUSION

For the reasons explained above, Defendants' Motion to Strike Plaintiff SBAV LP's Jury Demand from the Amended Complaint, (Docket No. 93), will be GRANTED. An appropriate Order will issue concurrently with this Memorandum Opinion.