UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:13-CV-00710-TBR-DW

SBAV LP,                                                                                          Plaintiff,

v.

PORTER BANCORP, INC., *et al.*,                                                Defendants,

v.

BOARD OF GOVERNORS OF THE FEDERAL
RESERVE SYSTEM, *et al.*                                                          Intervenors.

## MEMORANDUM OPINION

The Board of Governors of the Federal Reserve System and the Federal Deposit Insurance Corporation intervened in a discovery dispute between SBAV LP and Porter Bancorp, Inc., to contest this Court's prior opinion regarding the production of certain bank-examination documents. *See SBAV LP v. Porter Bancorp, Inc.*, No. 3:13-CV-00710-TBR-DW, 2015 WL 5971591, at *5 (W.D. Ky. Oct. 14, 2015). Shortly after setting a briefing schedule on that issue, however, the parties executed a confidential settlement agreement. In light of that settlement, the parties jointly move to dismiss this action with prejudice under Federal Rule of Civil Procedure 41(a)(2). R. 242 at 1 (Motion for Dismissal with Prejudice). Seeing no reason to refuse the parties' request, the Motion for Dismissal with Prejudice (R. 242) is **GRANTED**.

Because this controversy is now moot, the Agencies ask this Court to vacate its earlier opinion, *SBAV LP v. Porter Bancorp, Inc.*, No. 3:13-CV-00710-TBR, 2015 WL 1471020 (W.D. Ky. Mar. 31, 2015), *as amended* (W.D. Ky. Apr. 1, 2015), and that of the Magistrate Judge too, as neither are subject to review. R. 241 at 1 (Motion to Vacate).

1

The Court may vacate interlocutory orders under either Federal Rule of Civil Procedure 54(b) or its inherent, common law authority to control the administration of the case before it. *See Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004); *Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991); *see also Persistence Software, Inc. v. Object People, Inc.*, 200 F.R.D. 626, 627 (N.D. Cal. 2001). Vacatur is generally appropriate to avoid entrenching an interlocutory decision rendered unreviewable through no fault of the moving party. *See U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 25 (1994). Such relief is warranted here: Happenstance has frustrated the Agencies' efforts to seek review of this Court's prior opinion—the Agencies' diligence notwithstanding. *See Sackman v. Liggett Grp.*, 189 F.R.D. 58, 59–60 (E.D.N.Y. 1999). Accordingly, the Memorandum Opinion and Order of March 31, 2015 (R. 197) and the Magistrate Judge's Order of January 16, 2015 (R. 179) are **VACATED AS MOOT**.

An appropriate Order will issue separate from this Memorandum Opinion.

Date:

cc:     Counsel of Record